Suit by the Motor Leasing Corporation of Florida, a corporation organized and existing under the laws of the State of Florida, against John Kilgore, as Motor Vehicle Commissioner of the State of Florida, to enjoin the commissioner from collection of assessments of registration fees or taxes on the corporation's automobiles, as though they were "automobiles for hire" within meaning of statute, for purposes of taxation. To review an order denying the commissioner's motion to dismiss the bill of complaint, the commissioner brings certiorari.
Certiorari granted and order quashed.
The court below denied the petitioner's motion to dismiss the respondent's bill of complaint; thereupon a petition for certiorari was filed in this Court seeking a review of said order.
This particular transcript, though short, contains some of the items which are of no service relative to the review and which might better have been omitted, to-wit:
(1) Notice of hearing; (2) copy of summons in chancery; (3) endorsement on the summons; (4) sheriff's return; (5) injunction bond; (6) corporate appointment of Julius F. Parker as attorney-in-fact to sign injunction bond; (7) power of attorney of surety company appointing an attorney-in-fact, with jurat certificate of assistant secretary of surety company that the appointment of the attorney-in-fact had not been cancelled; (8) copy of notice of hearing on motion to dismiss; (9) copy of affidavit of service of notice.
The material allegations in the bill of complaint were that in September, 1947, Motor Leasing Corporation, a Georgia corporation, entered into a lease and maintenance agreement of certain motor vehicles to the Southern Dairies, Inc., a foreign corporation qualified to do business in Florida. Under the terms of said lease it was agreed that said Motor Leasing Corporation would purchase all of the motor vehicles of the Southern Dairies, Inc., and certain shop equipment, etc., at Jacksonville, Florida, and other places, and thereafter that said Motor Leasing Corporation would lease to Southern Dairies, Inc., said motor vehicles and services necessary for their maintenance for a period of five years under the terms of the contract, copy of which was attached to the bill of complaint as Exhibit "A". *Page 70 
One of the terms and conditions of said lease was that a Florida corporation would be formed and all of the rights under said lease would be assigned to said Florida corporation, which would then have the responsibility of carrying out the terms of said lease in so far as the lessor was concerned. Such a corporation, that is to say, Motor Leasing Corporation of Florida, the respondent herein, was formed and said assignment was made on or about January 1, 1948.
The bill of complaint further alleges that an assessment was made by the petitioner for the year 1947 and for the year 1948 for sums due the State for the difference between "private use" tags and "for hire" tags on said vehicles, because petitioner contended that private tags had been unlawfully placed thereon when same should have had "for hire" tags thereon.
It is further alleged that the motor vehicles described in the bill of complaint were employed by the lessee for the sole and exclusive purpose of transporting its goods, wares and merchandise to its customers in Jacksonville, Florida, and elsewhere and that said lessee made no extra charge to the customers by reason of the transportation of such products to them and, further, that the lessees should not be required to purchase and attach "for hire" tags to said motor vehicles but on the contrary only private tags, and that the act of the petitioner in demanding same was in violation of Section 13, Article 9 of the Constitution of Florida, F.S.A.; that under the provisions of said constitutional provision no tax can be levied on motor vehicles other than upon the operation of same, all questions of ownership and legal title being immaterial; that the lessee has full and complete control and operation of said motor vehicles on the highway and that the contract is a contract of servicing and maintenance on a cost plus basis and upon termination of the same respondent will sell said vehicles back to lessee at a purchase price computed on the actual book value of said motor vehicles without reference to their depreciated or market value; that when idle the vehicles remain on the premises of lessee and that the respondent furnishes men and supervision for the maintenance and upkeep of said vehicles and has no direction or control over the drivers; that the petitioner, unless enjoined by a court order, will take all proper steps for the collection of the assessments levied upon said motor vehicles and, unless petitioner is enjoined, respondent will be irreparably damaged.
The bill then prays for a temporary injunction in accordance with said allegations and upon final hearing that same be made permanent.
For purposes of taxation, Section 320.08, F.S. 1941, F.S.A., has placed "Automobiles for Private Use" and "Automobiles for Hire" in separate classes for purposes of taxation. Automobiles "for hire" require a greater registration fee or tax.
The statutory distinction between "private use" and "for hire" in relation to automobiles is as follows:
Section 320.01 Definitions, general
"In construing these statutes, when applied to motor vehicles, where the context permits, the word, phrase or term: * * *
"(3) `Owner' includes any person, firm, corporation, or association controlling any motor vehicle by right of purchase, gift, lease or otherwise. * * *
"(15) `Private use' shall be construed to mean the use of all vehicles, which are not properly classified as `for hire' vehicles.
"(16) `For hire' vehicles include all motor vehicles, or trailers drawn by motor vehicles, when used for transporting persons, commodities or materials for compensation; let or rented to another for a consideration; offered for rent or hire as a means of transportation for compensation; advertised in a newspaper or generally held out as being for rent or hire; used in connection with a travel bureau or when offered or used to provide transportation for persons solicited through personal contact or advertised on a `share-expense' basis. When freight or passengers are transported in a motor vehicle outside of a municipal corporation of this state, for compensation or when freight is transported in a motor vehicle not owned by the same person owning the said freight, so that there is identity of ownership between the said freight and motor vehicle, such transportation shall *Page 71 
be deemed `for hire.' The carrying of goods, wares, merchandise and other personal property in motor vehicles by corporations or associations for their stockholders, shareholders and members, cooperative or otherwise, shall be deemed transportation `for hire'; provided, however, the following shall not be deemed as operating `for hire,' to-wit: Motor vehicles used for transporting school children to and from school under contract with school officials; hearses and ambulances when operated by licensed embalmers and morticians, their agents and employees in this state; motor vehicles used in the transportation of agricultural and horticultural products or in transporting agricultural or horticultural supplies direct to growers or the consumers of said supplies or to associations of said growers or consumers; and motor vehicles temporarily used by farmers for the transportation of agricultural and horticultural products from farms or groves to packing houses or to points of shipment by transportation companies." Section 320.01, F.S. 1941, F.S.A.
Section 320.19 Lien of tax and enforcement
"The registration tax required under this chapter, when not paid, shall constitute a first lien upon the motor vehicles against which the same is chargeable, which lien shall be superior to all other liens upon such motor vehicle, and may be enforced and collected, if delinquent more than thirty days, by levy and sale in the same manner as under an execution of law on the amount of the tax due, which enforcement may be under a tax warrant issued for that purpose by the state motor vehicle commissioner and enforced in like manner as is provided by law for the enforcement of tax warrants by the comptroller." Section320.19, F.S. 1941, F.S.A.
The State constitutional provision is as follows:
"Section 13. Motor Vehicles, as property, shall be subject to only one form of taxation which shall be a license tax for the operation of such motor vehicles, which license tax shall be in such amount and levied for such purpose as the Legislature may, by law, provide, and shall be in lieu of all ad valorem taxes assessable against motor vehicles as personal property." Article IX, Sec. 13.
The petitioner, as Motor Vehicle Commissioner, contends that the automobiles in question are required to be registered as "for hire."
The respondent contends that under the facts and circumstances the automobiles for such use under the stated circumstances may be registered for "private use" and are not required to be registered "for hire," and relies upon the following provision of Section 320, supra:
Section 320.01(3)
"`Owner' includes any person, firm, corporation, or association controlling any motor vehicle by right of purchase, gift, lease or otherwise." Section 320.01(3), F.S. 1941, F.S.A.
The license tax is on the character of use of the automobile and only Sections 320.01(15) and (16) relate specifically to the character of use. Section 320.01(3) on which the respondent relies so heavily in nowise relates to "use" and there is no conflict between the paragraphs (15) and (16) of Section 320.01, supra, and (3) of Section 320.01, supra.
Section 320.08, supra, places a tax on automobiles classified as for "private use" as defined by Section 320.01(15), supra, and another tax on automobiles classified as "for hire" by Section320.01(16), supra, and it appears that the automobiles in question come within the "for hire" classification.
As further evidence of the Legislature's intent to place leased vehicles in the "for hire" class, attention is called to Section 320.36, F.S. 1941, F.S.A. This statute provides:
"No person may rent, lease, hire or offer for rent lease or hire * * * any automobile which has not at the time of such renting, leasing, hiring or offering for rent, lease or hire, attached thereto the "for hire' license tag required by the laws of this state for automobiles for hire."
A penalty is provided for a violation of this section. *Page 72 
Section 320.01(16) defines "for hire" use. There are two parts of this definition to which I would like to call attention. First, "for hire" vehicles include all those vehicles "let or rented to another for consideration". Second, "When freight is transported in a motor vehicle not owned by the same person owning the said freight, so that there is identity of ownership between the said freight and motor vehicle, such transportation shall be deemed `for hire.'" Respondent overlooks the first part of the definition of "for hire" specifically defining "for hire" as a vehicle leased or rented for consideration. It is not necessary that respondent meet every qualification of every class of "for hire" vehicle. It is sufficient if it meets all the qualifications of one class.
It appears that the petitioner's motion to dismiss should have been sustained, certiorari is granted and the order denying same is quashed.
CHAPMAN, SEBRING and HOBSON, JJ., concur.
THOMAS, J., agrees to conclusion.
ADAMS, C.J., and TERRELL, J., dissent.